# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-60440
Summary Calendar

ANTHONY F. WIGLEY,

Plaintiff-Appellant,

versus

CHEVRON USA, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(1:97-CV-256-RG)

January 20, 1999

Before POLITZ, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Anthony F. Wigley appeals the summary judgment in favor of Chevron USA, Inc. For the reasons assigned, we affirm.

Wigley brought this action against his employer, Chevron, alleging discrimination based upon race in violation of Title VII of the Civil Rights Act of 1964[1] and discrimination based upon disability in violation of the Americans with Disabilities Act.[2] He asserted that he was not promoted to head operator in November 1994 because of his alleged disabilities, depression, and attention deficit disorder, and because of his

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

[1] 42 U.S.C. § 2000e *et seq.*

[2] 42 U.S.C. § 12101 *et seq.*

race. He moved to amend the complaint to add a claim for a racially hostile work environment based upon allegedly "newly discovered evidence" consisting of racially hostile jokes and material found in a desk at work. He sought to do so after the defendant's motion for summary judgment had been filed, five months after the deadline for amendments to pleadings, and one month after the discovery deadline had passed.

The trial court granted Chevron's motion for summary judgment, finding that it did not fail to promote Wigley because of race or disability, but instead because he was not as qualified for the job as the co-worker actually promoted. The court also denied Wigley's motion to amend the complaint. He timely appealed.

On appeal of a summary judgment our review of the record is plenary[3] and we apply the same standard as that used by the district court.[4] We view the evidence in the light most favorable to the non-movant and if we find no genuine dispute of a material fact, deem summary judgment appropriate.[5] We review the denial of a motion to amend the complaint for abuse of discretion.[6]

Wigley contends that the district court erred in denying his motion to amend the complaint. He also asserts that the district court erred in granting summary judgment because of the Equal Employment Opportunity Commission determination that disability discrimination had occurred and because two other racial discrimination suits

[3] **Int'l Shortstop, Inc. v. Rally's, Inc.**, 939 F.2d 1257 (5th Cir. 1991).

[4] **Dorsett v. Board of Trustees for State Colleges & Univs.**, 940 F.2d 121 (5th Cir. 1991).

[5] **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242 (1986).

[6] **Hypes v. First Commerce Corp.**, 134 F.3d 721 (5th Cir. 1998).

against Chevron in the Southern District of Mississippi were not dismissed.

We find no abuse of discretion in the district court's denial of the motion to amend the complaint. Our review of the record and briefs discloses no reversible error in the grant of summary judgment to Chevron. Accordingly, on the facts as found, the authorities cited, and analysis made by the district court in its Memorandum Order granting Chevron's motion for summary judgment signed June 17, 1998, the judgment appealed is AFFIRMED.